IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIKA VALDES** : | |
| : | |
| : | CIVIL ACTION COMPLAINT NO. |
| Plaintiff, : | |
| : | **JURY TRIAL OF TWELEVE (12)** |
| : | **DEMANDED** |
| v. : | |
| : | |
| **TRANS UNION LLC** : | |
| : | |
| and : | |
| : | |
| **JPMORGAN CHASE BANK, N.A.** : | |
| : | |
| Defendants. : | |

## COMPLAINT

NOW comes the Plaintiff, Erika Valdes (hereinafter the "Plaintiff"), through their Counsel of record to make their allegations known against the Defendants by and through their complaint that alleges the following:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act)

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because Defendant in this matter resides in the state of Pennsylvania as defined under 28 U.S.C. §1391 (c)(2) based upon information and belief.

## PARTIES

4. Plaintiff is a natural person and is a citizen of the United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Trans Union, LLC, (hereinafter Trans Union) is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Trans Union's main corporate office is held in Philadelphia, Pennsylvania.

6. Defendant, JPMorgan Chase Bank, N. A., (hereinafter, JPM Chase) is a for profit company registered to do business in Pennsylvania. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. JPM Chase is a financial institution actively conducting business in Pennsylvania.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

8. Plaintiff's JPM Chase account # 1060**** was fully satisfied on or about August 31, 2013 which brought it current with a $0 balance.

9. TransUnion's report dated 08/17/2018 reported Plaintiff's JPM Chase account with a "Pay Status: Account 120 Days Past Due Date".

10. Although Plaintiff's account was fully satisfied, Plaintiff's Trans Union report dated 08/17/2018 reported the "Pay Status: Account 120 Days Past Due Date". It is impossible and incorrect for an account that was fully satisfied which brought it current with a "0" balance as of to still be reporting as late as of 08/17/2018. Not only is the JPM Chase account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously fully satisfied.

11. As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Trans Union, dated 03/24/2018 (Please see Exhibit A). As a result of Plaintiff's dispute, JPM Chase verified the account as accurate and instructed Trans Union to continue to report the inaccurate credit information (Please see Exhibit B). Trans Union continued to report the inaccurate credit information at the instructions of JPM Chase. Plaintiff's latest Trans Union credit report dated 08/17/2018 is currently reporting the same inaccurate information that was disputed on 03/24/2018.

12. Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it knew or should have known the information was incorrect.

13. JPM Chase did not provide a good faith investigation into the disputed account of Plaintiff.

14. Trans Union did not provide a good faith investigation into the disputed JPM Chase account.

15. The JPM Chase account is not only inaccurate, but it is also misleading, which the Fifth Circuit has addressed. The Fifth Circuit has ruled that a credit report is inaccurate on its face if it is so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit*

*Services*, 158 F.3d 890, 895 (5th Cir. 1988)(a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions").

16. Trans Union has a statutory duty to have reasonable procedures to assure maximum accuracy. Their procedures regarding this reporting are not assuring accuracy, much less maximum accuracy.

17. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, their credit repayment history, their financial responsibility as a debtor and their credit worthiness. This information was furnished by JPM Chase and reported by Trans Union, misrepresenting the payment rating and/or status of Plaintiff's account, and is currently being reported and reflected upon Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering and increasing Plaintiff's damages.

18. Plaintiff's credit reports, credit information and file formulated by Trans Union have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by JPM Chase and reported by Trans Union is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

19. As a result of Defendants, Trans Union and JPM Chase's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

20. As a result of Defendants conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

21. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

23. Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

24. This suit is based upon the Defendants violations of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff has suffered.

## COUNT I—VIOLATION OF THE FAIR REPORTING ACT

25. Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

26. This suit is brought against all Defendants as the damages made the basis of this suit were caused by their violations of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any

      requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

      (1) any actual damages sustained by the consumer as a result of the failure; and
      (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### *TransUnion's FCRA Violations*

27. Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Trans Union to reinvestigate the inaccurate reporting of their account via detailed and thorough dispute letter

28. The dispute was detailed, thorough and informed Trans Union of all the relevant information regarding the inaccuracies of the account and provided enough information to show the account was being reported inaccurately.

29. Trans Union did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

30. This account was fully satisfied, and Trans Union is currently reporting Plaintiff's account with a "$0" balance but currently past due. It is impossible for Plaintiff to make "$0" payments to bring the account current. With this type of reporting, Plaintiff will never be able to bring the account current.

31. Trans Union was notified and made aware of the specific issues from the dispute letter. It should have been easy for Trans Union to determine that the account was extremely inaccurate with the information that was provided.

32. The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable

investigation. If Trans Union would have properly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted this proper investigation they would have corrected or deleted the Plaintiff's account that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

> (a)  Reinvestigations in case disputed information
>
> (1) Reinvestigation required
>
>> (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15 U.S.C. §1681i(a)(5) reads:

> (5) Treatment of Inaccurate or Unverifiable Information
>
> (A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
>
>> (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
>>
>> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

33. Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

34. Plaintiff's account was fully satisfied, but Trans Union continued to report the account with a late/past due status. If Trans Union had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance, after the account was paid off and brought current. Trans Union should be reporting the account as "current" and not "past due." This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that this account was paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

>  (a) Accuracy of the Report
>
>  Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

35. Trans Union has been on notice that reporting an account with a $0 balance and a late status is not accurate. Trans Union was a co-defendant in *Macik v. JPMorgan Chase Bank, N. A., et al.*: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44). Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier. Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

36. The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA. Trans Union knows this because they were a co-defendant and had counsel present when the jury verdict was rendered as well as receiving an ECF copy of the ruling.

### *JPM Chase's FCRA Violations*

37. Defendant, JPM Chase, violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiff's notice through a dispute letter and failing to delete or correct the inaccurate information. After receiving a dispute notice from Trans Union, Defendant, JPM Chase, did not conduct a complete, accurate or reasonable investigation into the disputed issue. JPM Chase verified the inaccurate information that was disputed from a detailed and thorough dispute letter. JPM Chase should have discovered that the information they are providing the Credit Reporting Agencies was not accurate. JPM Chase knew of their current faulty reporting because Plaintiff's account was fully satisfied with a $0 balance. Had Defendant, JPM Chase properly investigated Plaintiff's dispute, they would have corrected the reporting to a current status. It is impossible for Plaintiff to make "$0" payments to bring their account current. JPM Chase was made fully aware of the inaccurate reporting and failed to correct or delete the account.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

   a. After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

           i. conduct an investigation with respect to the disputed information:

      ii.    review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

      iii.    report the results of the investigation to the consumer reporting agency;

      iv.    if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

      v.    if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly

    i modify that item of information
    ii delete that item of information
    iii permanently block the reporting of that item of information

### *Third Parties have viewed Plaintiff's Trans Union's Credit Report*

38.    The negative tradeline(s) reported by JPM Chase on Plaintiff's Trans Union Credit report have been viewed by third parties all to the detriment and loss of the Plaintiff.

39.    Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradeline provided by JPM Chase on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

40.    The conduct of Defendants was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

## **DEMAND FOR JURY TRIAL**

41.     Plaintiff demands trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants based on the following requested relief:

a.  Actual damages pursuant to 15 U.S.C. §1681;

b.  Statutory damages pursuant to 15 U.S.C. §1681;

c.  Punitive damages pursuant to 15 U.S.C. §1681;

d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

| | |
|---|---|
| BY: */s/ Matthew Weisberg* | BY: */s/ Gary Schafkopf* |
| MATTHEW B. WEISBERG, ESQ | GARY SCHAFKOPF, ESQ |
| WEISBERG LAW | SCHAFKOPF LAW, LLC |
| Attorney ID No. 85570 | Attorney ID No. 83362 |
| 7 South Morton Ave. 19070 | 11 Bala Ave |
| Morton, PA | Bala Cynwyd, PA 19004 |
| 610-690-0801 | 610-664-5200 Ext 104 |
| Fax: 610-690-0880 | Fax: 888-238-1334 |
| **DATED:** 8-11-2020 | **DATED:** 8-11-2020 |